IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON L. TAYLOR,

           Plaintiff,                   No. 2:12-cv-1854 GGH P

    vs.

ROBERT BOYLE, et al.,

           Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a county prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1     payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2     account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3     each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4     U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6     against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7     § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8     claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9     granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10     U.S.C. § 1915A(b)(1),(2).

11          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12     Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13     (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14     indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15     490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16     pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17     Cir. 1989); Franklin, 745 F.2d at 1227.

18          A complaint, or portion thereof, should only be dismissed for failure to state a

19     claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

20     of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

21     Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

22     v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

23     complaint under this standard, the court must accept as true the allegations of the complaint in

24     question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

25     pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

26     Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his complaint, plaintiff alleges that defendant, who appears to have been plaintiff's assigned public defender, was ineffective in his representation, in violation of plaintiff's Sixth Amendment rights.  See Doc. No. 1 at 3-5.  Plaintiff alleges that, as a result, he suffered emotional and psychological damage because he was not present during his newborn's daughter's first two months, and was also not present when his father died.  Id. at 3,4.  Plaintiff alleges that he now drinks heavily and must attend counseling.  Id.  Plaintiff further alleges that he will have to work with defendant again.  Id. at 3.  Plaintiff seeks punitive and compensatory damages.  Id.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution, or created by federal statue, proximately caused by the conduct of a person acting under state law.  See, e.g., Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  Public defenders acting in their role as advocate are not acting under color of state law for section 1983 purposes.  See, e.g., Georgia v. McCollum, 505 U.S. 42, 53, 112 S.Ct. 2348, 2356 (1992).

The court finds that plaintiff has failed to state a claim under section 1983 because the only named defendant was not acting under color of state law.  Moreover, although it is not clear, to the extent plaintiff has been imprisoned, is claiming ineffective assistance of counsel, and desires a vacating of the proceedings which led to his incarceration, i.e. a release from prison, the proper action to file is in habeas corpus.  The complaint will accordingly be dismissed.  Although the court cannot discern how plaintiff might cure the defects of his complaint, plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

1   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

2   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

3   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

4   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5              In addition, plaintiff is informed that the court cannot refer to a prior pleading in

6   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

7   complaint be complete in itself without reference to any prior pleading.  This is because, as a

8   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

9   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

10  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

11  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

12             In accordance with the above, IT IS HEREBY ORDERED that:

13             1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

14             2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

15  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

16  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

17  Sheriff of Solano County filed concurrently herewith.

18             3.  Plaintiff's complaint is dismissed.

19             4.  The complaint is dismissed for the reasons discussed above, with leave to file

20  an amended complaint within twenty-eight days from the date of service of this order.  If plaintiff

21  fails to amend his complaint, this action will be dismissed.

22  DATED: August 23, 2012

23

                                    /s/ Gregory G. Hollows
24                           UNITED STATES MAGISTRATE JUDGE

25
    GGH:rb
26  tayl1854.B

                                        4